IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:17CR00014 |
| | : | |
| v. | : | |
| | : | |
| RICHARD ALAN WELLBELOVED-STONE | : | |

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS
AND INCORPORATED MEMORANDUM IN SUPPORT

COMES NOW the United States of America, by counsel, and responds to the defendant's Motion to Suppress and Incorporated Memorandum in Support regarding evidence obtained in response to the issuance of a summonses under 19 U.S.C. § 1509, by respectfully requesting the Court to deny the motion in all respects.

INTRODUCTION

Defendant has moved this Court to suppress "all evidence obtained, directly or derivatively, from the execution of the 19 U.S.C. § 1509 summonses on Kik … and Comcast" in July 2017 by Homeland Security Investigations (HSI), part of the Department of Homeland Security (DHS), an agency which was formerly with the U.S. Customs Services. He argues that HSI did not have the authority under 1509 to summons the limited non-content internet information sought in the summonses.

1

HSI was involved in investigating and presenting for prosecution the charges against the defendant, all of which involve child sexual exploitation.

Defendant does not allege that HSI did not have authority to investigate these crimes. Rather he claims that the summonses were improper. The defendant relies in large part on a November 2017 memorandum, issued by DHS Office of Inspector General (OIG), which he attached to his motion, and suggests further that agents were on notice prior to July 2017 that using a 1509 summons was improper. The defendant is wrong for many reasons. In large part, he relies on so-called guidance that he suggests demonstrates that the summonses were improper. As will be set forth later below, the defendant's characterization of the guidance as somehow pertinent and controlling is not only plainly wrong, it is also misleading. Moreover, the defendant has no reasonable expectation of privacy in the ISP and Internet records utilized in the search warrant for the house and thus he has no standing to raise any Fourth Amendment challenge on this basis.

## **ARGUMENT**

Section 1509(a)(1) states in relevant part:

> In any investigation or inquiry conducted for the purpose of ascertaining the correctness of any entry, for determining the liability of any person for duty, fees and taxes due or duties, fees and taxes which may be due the United States, for determining liability for fines and penalties, ***or for insuring compliance with the laws of the United States administered by the United States Customs Service*** … the Secretary may (1) examine, or cause to be examined, upon reasonable notice, any record … described in the notice with reasonable

2

specificity, which may be relevant to the investigation…[emphasis added]

DHS HSI (formerly U.S. Customs Service) has the authority to investigate criminal offenses, including child pornography offenses. Accordingly, Section 1509 authorizes HSI to issue these subpoenas.

In the search warrant for the defendant's home (the subject of a second motion to suppress by the defendant), Detective Nicholas Rudman, the affiant, clearly stated that the subscriber/account holder information for both Kik and Comcast came from the issuance of 1509 summonses. (*See* search warrant attached to defendant's motion to suppress the search warrant, p. 9-11). The only information set forth in the search warrant derived from the summonses was information intended to identify the user of the Kik username "bijsincville" and the IP address associated with the relevant communications between the defendant and a United Kingdom undercover officer. Those communications are discussed in more detail in the defendant's other motion to suppress and the United States' response to that motion.

    A. *The Defendant Has No Reasonable Expectation of Privacy in Subscriber Information Held by Third Parties and Cannot Challenge the Validity of the Administrative Summonses Issued to Those Third Parties.*

Defendant seeks to suppress all information obtained "directly or derivatively" from the "execution" of the summonses. Defendant's Motion to Suppress 1509 Evidence at 1. In support, he claims that the issuance of these summonses was "in clear excess of the authority provided under 19 U.S.C. § 1509

3

which limits such summonses to matters concerning customs enforcement." Not only was HSI acting within their authority when they issued these summonses, the defendant also lacks a reasonable expectation of privacy in the subscriber information held by the third parties who received the summonses.

Courts have repeatedly held that a person has no reasonable expectation of privacy in subscriber information. *See, e.g., United States v. Bynum,* 604 F.3d 161, (4th Cir.) ("Bynum can point to no evidence that he had a subjective expectation of privacy in his internet and phone 'subscriber information" – i.e., his name, email address, telephone number, and physical address – which the government obtained through the administrative subpoenas. Bynum voluntarily conveyed all this information to his internet a phone companies…because the FBI's administrative subpoenas did not invade any legitimate privacy interest…their issuance did not violate the Fourth Amendment"), *cert. denied,* 560 U.S. 977 (2010); *United States v. Perrine,* 518 F.3d 1196, 1204 (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation"). The defendant had no reasonable expectation of privacy in his IP address. *See, e.g., United States v. Matish,* 193 F.Supp.3d 585, 615 (E.D. Va. 2016) (defendant had no reasonable expectation of privacy in his computer's IP address, therefore the government's acquisition of the IP address did not violate the Fourth Amendment); *see also United*

*States v. Ulbricht,* 858 F.3d 71, 97 (2d Cir. 2017) (government did not need a warrant to collect IP address routing information in which the defendant did not have a legitimate privacy interest).

B. *The 1509 Summonses were Lawfully Issued.*

Even if the defendant had standing – and he does not – each summons was lawfully issued. Under 18 U.S.C. § 2703(c)(2), an electronic communication service or remote computing service provider is required to disclose to a government entity basic subscriber information including the subscriber's name, address, connection records, session records, length and types of service, utilized, and network address when the government entity uses an administrative subpoena authorized by a Federal or State statute…" An HSI administrative summons under 1509 is the functional equivalent of an administrative subpoena. Under 19 U.S.C. § 1509(a), a customs summons may be used "in any investigation or inquiry" conducted for the purpose of "insuring compliance with the laws of the United States administered by the United States Customs Service," which now means laws administered by HSI. HSI agents (some of whom were formerly referred to as Immigration and Customs Enforcement Agents or ICE agents) "are experts in investigating child exploitation offenses." *United States v. Fletcher,* 763 F.3d 711 (7th Cir. 2014). "Indeed, ICE has been traditionally responsible for investigating wrongdoing on a national and even global stage, and has had substantial duties in investigating and serving search

warrants upon alleged purveyors of child pornography. *United States v. Cray,* 673 F.Supp.2d 1368, 1377 (S.D. Ga. 2009) (citations omitted).

As the affidavit for the house search warrant made clear and as the excerpted communications in the present motion make clear, the defendant solicited images and links presumably to receive child pornography from the undercover officer. In the course of discussing the undercover's abuse of his very young "daughters" via email, the defendant said "..."if you ever would like to share pics, that would be amazing." The defendant later asks the undercover "And do you by chance have any links to pics?". On Kik, the defendant says to the undercover "Img for pics" and "Sometimes people share a Dropbox link." Other communications by the defendant imply that he has seen depictions of minors online and that he is sexually aroused by young girls, suggesting that the defendant was soliciting child pornography from the United Kingdom officer. Child pornography offenses are, of course, among the many offenses HSI agents are tasked to investigate.

  C. *Even if the Summonses were Improper, Suppression is not an Available Remedy.*

However, even assuming *arguendo* that the summonses were somehow improper, suppression is not an available remedy. Since customers do not have a cognizable privacy interest in basic subscriber information, there was not a constitutional violation so exclusion under the Fourth Amendment is unavailable. *See United States v. Clenney,* 631 F.3d 658, 666 (4th Cir. 2011) (phone customers

do not have a constitutionally cognizable privacy interest in basic subscriber information); thus, there is no exclusionary rule remedy. *Id.* At most, it would be a statutory violation, not a constitutional one, and the exclusionary rule is generally inapplicable to statutory violations. *See id.* Indeed, while the Electronic Communications Privacy Act provides for a civil action against violators other than the United States, and for administrative discipline of offending federal officials, there is "no mention of a suppression remedy for such a violation," and 18 U.S.C. § 2708 "makes it clear" that the remedies and sanctions described in the Act "are the only judicial remedies and sanctions for nonconstitutional violations of this chapter." *Id.* (internal quotations omitted); *accord, United States v. Sherr,* 400 F.Supp.2d 843, 848 (D. Md. 2005); *United States v. Kennedy,* 81 F.Supp.2d 1103, 1110 (D. Kan. 2000). Nor has the defendant pointed to a statutory suppression remedy for violations of 1509. "Importantly, a right bestowed by Congress does not create a constitutional right, and does not trigger the exclusionary rule." *Cray,* 673 F.Supp.2d at 1376. The *Cray* court specifically rejected an argument that Customs summonses in that case were improper because they were supposed to be used for administrative purposes related to trade and were not in that case. Section 1509 summonses "may be used in an investigation or inquiry conducted for the purpose of insuring compliance with the laws of the United States. *Id.* at 1376. *Cray* was also a child pornography case. *See also United States v. Merrell*, 88 F.Supp.3d 1017

7

(D. Minn. 2015) (rejecting a challenge to a 1509 summons issued for employment records in a child pornography case).

Notably, the defendant has cited no cases relevant to his argument that would remotely suggest that his motion is reasonable. Indeed, the "precedent for using the exclusionary rule" that he discusses in his motion relate to Title 26 and tax records and investigations. And his allegation that "DHS has admitted wide-reaching abuse of the § 1509 summons," is simply untrue. Defendant's Motion at 17.

   D. *The Investigators Acted Appropriately and Diligently Especially Because of the Urgent Nature of the Situation They Were Investigating.*

There is no question that the summonses issued in this case did not seek content but rather information to identify a person who was, in addition to requesting child pornography from and undercover officer, communicating about his prior and anticipated future molestation of a very young girl. To not act in such a situation would have gone against a primary function of law enforcement. The actions taken by the investigators in this case were not only reasonable and proper but also consistent with diligent law enforcement.

The defendant's citation to the recently argued *Carpenter v. United States,* 16-402, is similarly unavailing. First, there has been no decision rendered and thus the prevailing case law and standards apply, so there was no violation. Secondly, cell site location information—the subject of the *Carpenter* case--is not the same as subscriber information, which was obtained here.

A well-recognized exception to the search warrant requirement is when exigent circumstances of an investigation make the needs of law enforcement so compelling that a warrantless search is reasonable under the Fourth Amendment. *Kentucky v. King*, 563 U.S. 452, 460 (2011). Here, HSI agents knew from the content of the defendant's communications with the undercover officer that he had sexually abused a young minor victim. In an email from the defendant to the undercover officer, the defendant described "brush[ing] up against her panty covered mound" and "cupping her pussy with hand." He went on to say he would have "taken it further," but couldn't because he was at someone else's home. The defendant then told the undercover that the victim "is supposed to do a sleepover this month."

Based on these communications, it was reasonable for HSI to believe that the defendant had been abusing a minor victim, and that he was planning to further abuse her when given future opportunity. The ongoing and imminent future abuse of the minor victim created exigent circumstances such that the issuance of the § 1509 summonses was reasonable and necessary.

Furthermore, even if this Court finds that HSI exceeded their summons authority, the agents issued the summonses in good faith, and the evidence should not be suppressed. The Supreme Court has said that "evidence obtained from a search should be suppressed only if it can be said that the law

enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *United States v. Peltier*, 422 U.S. 531, 542 (1975).

HSI had a reasonable, good faith belief that they had the authority to issue the summonses pursuant to 1509. HSI was provided with documentation of online communication between an undercover officer from the United Kingdom and an individual who called himself "Jack Smith," later alleged to be the defendant. The defendant told the undercover officer in an email that he was from the "US", indicating that he was in and from the United States, and thus subject to United States law. In the context of the defendant's many explicit messages to the undercover, via email and Kik messenger, the defendant chronicled his sexual interest in children, his abuse of a young female victim to whom he had access, and sought advice about the sexual abuse of children from the undercover. In the course of discussing the undercover's abuse of his very young "daughters" via email, the defendant said "..."if you ever would like to share pics, that would be amazing." The defendant later asks the undercover "And do you by chance have any links to pics?". On Kik, the defendant says to the undercover "Img for pics" and "Sometimes people share a Dropbox link." All of these requests for pictures, in the context of the explicit conversations the defendant is engaging in about

10

his sexual attraction to and abuse of minors, supports the reasonable belief that the defendant was soliciting child pornography images, in violation of United States federal law. As discussed previously, HSI has jurisdiction to investigate federal crimes of child exploitation. Therefore, HSI acted in good faith when obtaining the summonses to obtain the defendant's IP address.

> E. *This Court Should Avoid the Rabbit Hole the Defendant Seeks to Have This Court Go Down.*

In his arguments, the defendant claims that a memorandum issued in November 2017 is somehow dispositive on the impropriety of using 1509 summonses in cases other than traditional customs investigations. He argues that references to certain guidance allegedly provided to agents in the field earlier in 2017 put the agents on notice that they could not use 1509 summonses in such cases as the present case. The defendant however mischaracterizes the nature and intent of the memorandum that he attached to his motion. In other words, this argument is wholly irrelevant.

The memoranda (or "Management Bulletin") referenced by the defendant was specifically issued to Customs and Border Protection (CBP) – *a wholly distinct unit of DHS*.[1] Indeed, the memorandum is explicitly addressed to the then Acting

---

[1] Upon information and belief, when asset forfeiture is an issue, CBP may become involved in other investigations.

Commissioner of U.S. Customs and Border Protection and in the first line states that it is about *CBP's Use of Examination and Summons Authority Under 19 U.S.C. § 1509.* And, as acknowledged by the defendant, the memo was targeted to CBP's Office of Professional Responsibility (OPR). CBP investigates different statutes than HSI. Indeed, "CBP" is peppered throughout the memorandum and there is no reference to HSI. The agents investigating the present case are neither OPR agents nor CBP agents. Further, the memorandum discusses investigations wholly distinct from the type of investigation in the present case. There is no mention of HSI or of child exploitation offenses. Moreover, in quoting from the memorandum on page 11 of his motion, he quotes the memorandum as stating "DHS 'may have exceeded the scope of its authority under Section 1509 when it issued the summons to Twitter.'" *See* Defendant's Motion at 11. The memorandum does not however state that DHS, the umbrella Department for both CBP and HSI, may have exceeded its authority but explicitly states that it was "CBP" that may have done this.

Moreover, as set forth by the defendant, the Twitter reference above that apparently in part led to the memorandum relates to a complaint filed by Twitter. The defendant neglects to state, however, that the behavior about which the complaint was raised dealt with an alleged First Amendment free speech violation and was filed to prevent CBP from trying to unmask the identity of a Twitter user who was apparently a government employee critical of President Trump. This is

wholly distinguishable from the lawful use of the 1509 summonses in the present case.

## CONCLUSION

In light of all of the above, the United States respectfully requests this Court to deny the defendant's motion in all respects.

    Respectfully submitted,

    RICK A. MOUNTCASTLE
    United States Attorney

    s/ Nancy S. Healey
    Nancy S. Healey
    Assistant United States Attorney
    VSB No. 39447

    /s/ Leslie Williams Fisher
    Leslie Williams Fisher, Trial Attorney
    U.S. Dept. of Justice, Criminal Division
    Child Exploitation and Obscenity Section
    1400 New York Avenue, NW
    Washington, DC  20530
    Phone: (202) 616-2557
    Fax: (202) 514-1793
    Email: Leslie.Fisher2@usdoj.gov
    Virginia Bar No. 77470

**CERTIFICATE**

I hereby certify that on January 12, 2018, I electronically filed the forgoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to Lisa Lorish, Assistant Federal Public Defender, Counsel for the defendant.

                                       s/ Nancy S. Healey
                                       Nancy S. Healey
                                       Assistant United States Attorney